IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,** 1331 F Street, N.W., Suite 900 Washington, D.C. 20004<br><br>Plaintiff,<br><br>v.<br><br>**U.S. DEPARTMENT OF JUSTICE,** 950 Pennsylvania Avenue, N.W. Washington, D.C. 20530<br><br>Defendant. | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and regulations of the U.S. Department of Justice ("DOJ"), 28 C.F.R. § 16.5(e), for injunctive, declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") challenges the refusal of DOJ to grant expedition of a FOIA request CREW filed with DOJ seeking documents concerning the efficacy of the Election Threats Task Force DOJ established with the stated goal of protecting election workers.

2. This case seeks declaratory relief that DOJ is in violation of the FOIA and DOJ's implementing regulations for failing to grant CREW's expedited request for records notwithstanding the demonstrated urgency to inform the public about the legal and investigative actions the Election Task force has taken in view of the multitude of state government elections rapidly approaching.

**Jurisdiction and Venue**

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B).

**Parties**

4. Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA. Additionally, CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions.

5. Defendants DOJ is an agency within the meaning of 5 U.S.C. §§ 552(f)(1) and 701(b)(1), has possession and control of the requested records, and is responsible for fulfilling plaintiff's FOIA request.

**Statutory and Regulatory Background**

6. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of which of the requested records

it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8. The FOIA also requires agencies to promulgate regulations that provide for expedited processing of FOIA requests where the requester demonstrates a "compelling need" as well as in "other cases determined by the agency." 5 U.S.C. § 552(a)(6)(E)(i). The FOIA defines "compelling need" to include requests "made by a person primarily engaged in disseminating information" where there is an "urgency to inform the public concerning actual or alleged Federal Government activity." *Id.* at § 552(a)(6)(E)(v)(II).

9. DOJ's FOIA regulations provide for expedition for, among other things, "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv). Requesters seeking expedition under this subsection must submit their expedition request to DOJ's Director of Public Affairs. 28 C.F.R. § 16.5(e)(2).

10. DOJ regulations further provide that "[t]he existence of numerous articles published on a given subject can be helpful to establishing the requirement that there be an 'urgency to inform' the public on the topic." 28 C.F.R. § 16.5(e)(3).

11. Agencies are required to make a determination on a request for expedition within 10 calendar days "after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I). DOJ regulations mirror this requirement. 28 C.F.R. § 16.5(e)(4).

12. Once expedition is granted agencies must process the request "as soon as practicable." 5 U.S.C. § 552(a)(6)(E)(ii).

13. An agency's failure to respond within 10 calendar days to a request for expedition or its denial of expedition is subject to judicial review without exhausting administrative remedies. 5 U.S.C. § 552(a)(6)(E)(iii).

14. Agency decisions to deny or affirm denial of a request for expedition are subject to judicial review "based on the record before the agency at the time of the determination." 5 U.S.C. § 552(a)(6)(E)(iii).

**Factual Background**

15. On June 29, 2021, DOJ announced that it had launched a federal task force to address the growing threats against election workers, administrators, officials, and others associated with the electoral process. U.S. Dep't of Justice, "Justice Department Launches Task Force to Combat Threats Against Election Workers" (July 29, 2021), https://www.justice.gov/opa/blog/justice-department-launches-task-force-combat-threats-against-election-workers-0. According to the announcement, the task force included several DOJ components as well as "key interagency partners, such as the Department of Homeland Security." *Id.* It further noted that online complaints could be filed at tips.fbi.gov.

16. DOJ's announcement followed a memorandum Deputy Attorney General Lisa Monaco sent to all federal prosecutors and the director of the Federal Bureau of Investigation ("FBI") on June 25, 2021, setting out guidance regarding threats against election workers. https://www.justice.gov/dag/page/file/1406286/download. The memo noted the "significant increase in the threat of violence against Americans who administer free and fair elections throughout our Nation." To address that threat of violence it announced that DOJ was setting up a task force that would include members from the Criminal Division, the Civil Rights Division, the National Security Division, and the FBI.

17. According to public reporting, despite the laudatory goals of the Election Threats Task Force it has pursued only three prosecutions notwithstanding its evaluation of over 1,000 instances of election threats and secured only one guilty plea. *See, e.g.*, Perry Stein and Tom Hamburger, Over 1,000 election-worker threats reported in past year, official says, *Washington Post*, Aug. 3, 2022, https://www.washingtonpost.com/national-security/2022/08/03/election-worker-threats-judiciary/; Michael Wines and Eliza Fawcett, Violent Threats to Election Workers Are Common. Prosecutions Are Not, *New York Times*, June 27, 2022, https://www.nytimes.com/2022/06/27/us/election-workers-safety.html. According to Meagan Wolfe, president of the National Association of State Election Directors, "'[t]he reaction usually is 'Thank you for reporting that; we'll look into it,' and there's no substantive follow-up to understand what they're doing[.]'" Wines & Fawcett, *New York Times*, June 27, 2022 (quoting Meagan Wolfe). *See also* Colorado Guilty Plea a First for US Election Task Force, *Associated Press*, June 20, 2022, https://apnews.com/article/2022-midterm-elections-technology-colorado-denver-cf061ce08b08cff4d0ff168bd16afee2.

18. Illustrating this point, Colorado has forwarded at least 500 threats against election workers to DOJ's Election Threats Task Force, *id.*, while the Arizona Secretary of State's office has reported more than 100 threats to the FBI. Wines & Fawcett, *New York Times*, June 27, 2022.

19. According to a national survey conducted by the Brennan Center for Justice, as of March 2022, one in five local election officials reported being increasingly concerned with threats and political pressure and, as a result, were somewhat or very unlikely to remain in their jobs through the 2024 election. Peter Eisler and Linda So, One in Five U.S. Election Workers May Quit Amid Threats, Politics, *Reuters*, Mar. 10, 2022, https://www.reuters.com/world/us/

one-five-us-election-workers-may-quit-amid-threats-politics-survey-2022-03-10/. More than 70 percent of those polled reported that threats against election administrators and staff have increased recently. *Id.* Despite this widespread problem more than 40 percent of those polled were "completely unaware" of the existence of DOJ's Election Threats Task Force. *Id.*

20. *Reuters*, which reported on the Brennan Center's survey results, has documented more than 900 messages to election administrators and staff in 17 states that were threatening and hostile and almost all of which alluded to former President Trump's false claims that the 2020 presidential election was stolen. *Id.*

21. The harrowing testimony former election workers Ruby Freeman and Shae Moss provided to the Select Committee to Investigate the January 6th Attack on the United States Capitol illustrates the gravity of the threats election workers face. They testified that they were forced to go into hiding because of threats after Rudy Giuliani falsely accused them of election fraud. Wines & Fawcett, *New York Times*, June 27, 2022.

22. The lack of transparency from the task force and its failure to act on the over 1,000 reported threats have left the impression among some election experts that DOJ "isn't getting the job done." *Id.*

*The FOIA Request At Issue*

23. On July 19, 2022, CREW submitted a FOIA request to DOJ's Office of Information Policy seeking three categories of documents. Specifically, CREW requested:

1. Any records sufficient to identify the members of the Election Threats Task Force, including, but not limited to, individuals, agencies, and divisions.

2. Any records specifying the number of tips received by the task force, including but not limited to those closed without investigation, currently open, and closed with investigation.

      3.      All communications between Attorney General Merrick Garland and Deputy Attorney General Lisa Monaco regarding the Election Threats Task Force from June 1, 2021 to the day this request is processed.

      23.      CREW sought a waiver of fees explaining the significant public interest in knowing what, if anything, DOJ is doing to protect our democratic processes and those who work to maintain them. CREW noted that given the evidence of the imminent threat of physical harm that election workers face and the lack of transparency regarding the task force's criteria to act against those threats, the public has an interest in knowing under what circumstances the task force will fulfill its duty to protect election workers. The requested documents will afford the public the required transparency to evaluate the efficacy of the task force to date and hold it accountable for its potential deficiencies in pursuing justice for those who have been threatened.

      24.      CREW also requested that it not be charged search or review fees because it qualifies as a member of the news media as that term has been interpreted by the D.C. Circuit. CREW outlined its news media activities, which include its routine dissemination to the public of information obtained through the FOIA in several ways. They include its website, which receives hundreds of thousands of page views every month and includes blog posts that report on and analyze newsworthy developments regarding government ethics, corruption, and money in politics. CREW also publishes numerous reports to educate the public on these issues.

      25.      By letter dated August 5, 2022, DOJ acknowledged receiving CREW's FOIA request on July 19, 2022. DOJ stated that due to "unusual circumstances," specifically the need to search in and/or consult with another office, DOJ was extending its time to respond by 10 days pursuant to 5 U.S.C. § 552(a)(6)(B)(i)-(iii). DOJ further stated it had assigned CREW's request to the complex track.

26. On August 8, 2022, CREW requested that DOJ and the Director of DOJ's Office of Public Affairs expedite CREW's July 19, 2022 request. In support CREW cited the urgency to inform the public of the legal and investigative actions the Election Threats Task Force has both taken and failed to take to date given the multitude of state government elections rapidly approaching.

27. In support of its request CREW explained that with the staggering number of tips the task force has received so far, it is clear that workers in these upcoming elections are vulnerable to verbal threats toward them and their loved ones and even risk attempts of bodily harm, as documented by Ruby Freeman and Shae Moss. Those scheduled to work in upcoming elections must know what is being done to protect them before they open themselves up to the vulnerabilities that are currently associated with their roles as election workers.

28. In further support of its expedition request CREW also explained how it is primarily engaged in disseminating information to the public, as DOJ regulations require, 28 C.F.R. § 16.5. CREW uses statutes like the FOIA to gather information the public needs to hold public officials accountable and disseminates that information through social media and its website, which receives many thousands of views per month.

29. CREW also requested expedition from DOJ's Office of Public Affairs pursuant to 28 C.F.R. § 16.5(e)(2) given the widespread and exceptional media interest in this matter, which involves questions about the government's integrity affecting public confidence and safety.

30. In support, CREW cited the fact that the topic of wavering democracy in the U.S. has dominated media interest. For example, CREW explained, the January 6 hearings have been viewed by millions, citing a July 22, 2022 article in the *Washington Post* by Sonia Rao, <u>Nearly 17.7 Million Watched the Second Prime-Time Jan. 6 Hearing</u>, https://www.washingtonpost.

com/tv/2022/07/22/prime-time-jan-6-hearings-ratings/. The mission of the Election Threats Task Force aligns with the subject of those hearings, as both involve the democratic process of elections and violent challenges to their results.

31. CREW further explained that it also satisfies the requirements for expedition because in addition to the mass consumption of the hearings, countless reports have been publicized on both the January 6 insurrection and the Election Threats Task Force, which clearly implicates a matter of widespread and exceptional media interest.

32. By letter dated August 16, 2022, DOJ's Office of Information Policy advised CREW that its request for expedition was denied. The Office of Information Policy justified this denial on the claim that the primary activity of CREW does not appear to be information dissemination.

33. In that August 16, 2022 letter DOJ also advised CREW that the Director of Public Affairs had denied CREW's request for expedited processing. It provided no explanation for that denial.

34. The August 16, 2022 letter also stated that although CREW had also requested expedition because the lack of expedition could reasonably be expected to pose an imminent threat to the life or physical safety to an individual, DOJ had not even considered that standard, which DOJ miscited as set forth at 28 C.F.R. § 16.5(d)(1) (rather than 28 C.F.R. § 16.5(e)(1)). To justify this refusal DOJ claimed that CREW's expedition request provided no basis for support expedition under this standard.

35. CREW's request for expedition did not cite to 28 C.F.R. § 16.5(e)(i).

36. Under 5 U.S.C. § 552(a)(6)(C)(i), CREW has now effectively exhausted all applicable administrative remedies with respect to its request that DOJ expedite its July 19, 2022 FOIA request.

**PLAINTIFF'S CLAIM FOR RELIEF**
(Failure to Grant Expedition)

37. Plaintiff repeats and re-alleges paragraphs 1-36.

38. Plaintiff properly asked that DOJ expedite the processing of Plaintiff's FOIA request, which seek agency records within the custody and control of DOJ, based on its showing of widespread and exceptional media interest in the requested information, which involves possible questions of the government's integrity that affect public confidence.

39. Plaintiff also properly sought expedition from DOJ because of the urgency to inform the public about an actual or alleged federal government activity and because CREW is primarily engaged in disseminating information.

40. Defendants DOJ improperly refused to process Plaintiff's request on an expedited basis.

41. Plaintiff has exhausted all applicable administrative remedies with respect to Defendant DOJ's refusal to grant CREW's request for expedition.

42. Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate and expedited processing and disclosure of the requested records.

**Requested Relief**

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Order defendant U.S. Department of Justice to immediately and fully process plaintiff's July 19, 2022 expedited FOIA and to disclose all non-exempt documents at no cost to

plaintiff;

(2)     Issue a declaration that plaintiff is entitled to immediate and expedited processing and disclosure of the requested records;

(3)     Provide for expeditious proceedings in this action;

(4)     Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5)     Award plaintiff its costs and reasonable attorneys' fees in this action; and

(6)     Grant such other relief as the Court may deem just and proper.

                                      Respectfully submitted,

                                      /s/ Anne L. Weismann
                                      Anne L. Weismann
                                      (D.C. Bar No. 298190)
                                      5335 Wisconsin Avenue, N.W., Suite 640
                                      Washington, D.C. 20015
                                      Phone: 301-717-6610
                                      Weismann.anne@gmail.com

                                      Adam J. Rappaport
                                      (D.C. Bar No. 479866)
                                      Citizens for Responsibility and
                                        Ethics in Washington
                                      1331 F Street, N.W., Suite 900
                                      Washington, D.C. 20004
                                      Phone: (202) 408-5565
                                      Facsimile: (202) 588-5020

Dated: August 25, 2022                      *Attorneys for Plaintiff*